# United States District Court
# Northern District of Indiana

| | | |
|---|---|---|
| RAVARIO BASKIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:09-CV-462 JVB |
| | ) | |
| SUPERINTENDENT, INDIANA STATE PRISON, | ) ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Petitioner Ravario Baskin, a prisoner confined at the Indiana State Prison, submitted a petition pursuant to 28 U.S.C. § 2254. According to the petition, a disciplinary hearing board ("DHB") found him guilty of a disciplinary infraction and imposed a sanction on him. Subsequently, an administrative board also imposed a loss of contact visitation on him as a result of the DHB's finding of guilt. Baskin challenges the loss of contact visitation.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, district courts are obligated to review a habeas corpus petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . .." This rule provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit. "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993).

Baskin filed this habeas corpus petition explicitly challenging his loss of visiting privileges imposed on August 3, 2009, by the Indiana Department of Corrections (IDOC). He

specifically states in his petition that "This Petitioner admits guilt of the charge, However, The Petitioner does wish to challenge the sanction of Administrative Procedure 02-01-102, Loss of Contact Visits." (DE 1 at 3).

A prison disciplinary action can only be challenged in a habeas corpus proceeding where it lengthens the duration of confinement. *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003). The Fourteenth Amendment's due process clause does not provide prisoners due process protections from sanctions that do not effect the duration of their confinement. *Sandin v. Conner*, 515 U.S. 472, 487, (1995) (distinguishing between a prison disciplinary sanction that will inevitably affect the duration of the inmate's sentence and sanctions that do not affect the duration of his sentence). Prisoners may not use 28 U.S.C. § 2254 to challenge prison disciplinary sanctions that do not effect the duration of their confinement. *Sylvester v. Hanks*, 140 F.3d 713 (7th Cir. 1998). The DHB did not impose the loss of contact visitation privileges Baskin challeges, and the loss of visitation privileges will not lengthen the duration of Baskin's confinement.

For the foregoing reason, the Court DISMISSES the habeas corpus petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

SO ORDERED on October 13, 2009

                                                 s/ Joseph S. Van Bokkelen
                                                 Joseph S. Van Bokkelen
                                                 United States District Court
                                                 Hammond Division